IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 2:16CR20008-001 |
| | ) | |
| | ) | |
| DAVID HURL LEMMON | ) | |

**RESPONSE TO PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FED.R.CIV. P 59(e)**

Comes now the United States of America, by and through David Clay Fowlkes, United States Attorney for the Western District of Arkansas, and for its Response to Petitioner's Motion to Alter or Amend Judgment Pursuant to Fed.R.Civ. P. 59(e), states:

BACKGROUND

On May 11, 2022, United States Magistrate Judge Mark E. Ford entered the Report and Recommendation dismissing Petitioner's § 2255 petition. (Doc. 260). The parties had 14 days to file written objections. On May 25, 2022, the Petitioner filed a Motion for Extension of Time to file objections. (Doc. 262). On May 26, 2022, the Court granted the Motion and extended the deadline to file objections to June 14, 2022. (Doc. 263). On June 9, 2022, then-counsel for Petitioner filed a Motion to Withdraw as Counsel and Motion for Extension of Time. (Doc. 264). On June 13, 2022, the Court granted the Motion to Withdraw and extended the deadline to file written objections to the Report and Recommendation to June 27, 2022. (Doc. 265).

The Petitioner's written objections to the Report and Recommendation were filed with the Court on July 1, 2022. (Doc. 267). The District Court Clerk included the envelope Petitioner used to mail the written objections in the filing. (*Id.*). The envelope shows that it was postmarked on

June 27, 2022, the deadline to file. (*Id*.). On July 6, 2022, the Court entered an Order adopting the Report and Recommendation. (Doc. 268). In the Order, the Court stated, "Because Plaintiff receives filing in this case via mail, three days were added to this deadline pursuant to Federal Rule of Civil Procedure 6(d)," "the last day for Plaintiff to file objections was June 30, 2022," and "Plaintiff's objections were not filed until July 1, 2022, and are, therefore, untimely." (*Id*.). However, even though finding Petitioner's objections untimely, the Court "conducted a de novo review of those portions of the report and recommendation to which Plaintiff has objected," found the "objections offer neither law nor fact requiring departure from the Chief Magistrate Judge's findings," and dismissed Petitioner's Section 2255 motion with prejudice. (*Id*.). The Court's Judgment was entered the same day. (Doc. 269).

Petitioner filed the pending Motion on August 22, 2022. (Doc. 270). The envelope used to mail the Motion and filed with it did not have a visible postmark, but the Certificate of Service states, "I, David Hurl Lemmon, hereby certify under the penalty of perjury that a copy of the foregoing motion was this 2 day of August, placed in the prison legal mail system with first class postage affixed." (*Id*.).

ARGUMENT

I.  Rule 59(e)

Motion brought pursuant to Rule 59(e) "serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Holder v. United States*, 721 F.3d 979, 986 (8th Cir. 2013)(internal quotations and citations omitted). Additionally, if a Rule 59(e) motion is denied, an "appeal from the denial of a Rule 59(e) motion allows challenge of the underlying ruling that produced the judgment." *Id*. Thus, even though this Court did not issue a certificate of appealability on the denial of the Section 2255 petition (Doc. 268), should this Court

deny Petitioner's Rule 59(e) motion, it will allow Petitioner to appeal the denial of the motion and challenge the underlying denial of the Section 2255 petition.

II.     Timeliness of Petitioner's 59(e) Motion

Rule 59(e) states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." Here, the Judgment was filed on July 6, 2022, making the deadline to file a Rule 59(e) motion August 3, 2022. Petitioner's Motion was filed with the Clerk on August 22, which is 19 days after the August 3 deadline. However, Section 2255 proceedings are governed by the Rules Governing Section 2255 Proceedings. SECT 2255 Rule 1. Those Rules incorporate the "inmate mailbox rule": "A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing." SECT 2255 Rule 3(d).

Along with Petitioner's Motion, the District Court Clerk also filed the envelope that contained the Motion. (Doc. 270). Unfortunately, there is no visible postmark on the envelope. (*Id.*). That said, Rule 3(d) provides that a "[t]imely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid." SECT 2255 Rule 3(d). There is no notarized statement accompanying Petitioner's Motion, so compliance with 28 U.S.C. § 1746 is required.

Section 1746 provides:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidence, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same…such matter may, with like force and effect, be supported, evidence, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is

>subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
>
>…
>
>(2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)."

Title 28 U.S.C. § 1746.

Petitioner's Motion included a "Certificate of Service:"

> **CERTIFICATE OF SERVICE**
>
> I, David Hurl Lemmon, hereby certify under the penalty of perjury that a copy of the foregoing motion was this 2 day of August 2022, placed in the prison legal mail system with first class postage affixed, addressed to the following party:
>
> _D. Lemmon_
> David Hurl Lemmon
>
> Dated 8/  /2022

(Doc. 270).

While the Certificate of Service does not state to whom it is addressed and the signature is only dated by the month and year, it is certified "under the penalty of perjury" and states that the Motion was "placed in the prison legal mail system with first class postage affixed" on August 2, 2022. (*Id.*). It appears that Petitioner's Certificate of Service is substantially in the same form as required by Section 1746 and includes the information required by Rule 3(d): a statement of the date of deposit and that first-class postage was prepaid. Thus, Petitioner's Rule 59(e) Motion should be considered timely filed as of August 2, one day before the August 3 deadline.

III.     Timeliness of Petitioner's Objections to the Report and Recommendation

As stated above, Section 2255 proceedings are governed by the Rules Governing Section 2255 Proceedings, which incorporate the "inmate mailbox rule." SECT 2255 Rule 1 & 3(d). Applying the "inmate mailbox rule" here, Petitioner was required to place written objections into the prison mail system by June 27. Petitioner's objections were postmarked on June 27, 2022, the last day for filing objections as ordered by the Court, and were timely filed.

While it appears Petitioner's objections were timely filed, because the Court conducted "a de novo review of those portions of the report and recommendation to which Plaintiff had objected," which "offer[ed] neither law nor fact require departure from the Chief Magistrate Judge's findings," the fact that the objections were timely does not change the Court's adoption of the Report and Recommendation in its entirety or require that the Court revisit the Judgment.

## CONCLUSION

For the foregoing reasons, the Court should grant Petitioner's Motion.

                Respectfully submitted,

                David Clay Fowlkes
                United States Attorney

                */s/ Aaron Jennen*
By:
                Aaron Jennen
                Assistant U.S. Attorney
                Arkansas Bar No. 2004156
                414 Parker Avenue
                Fort Smith, AR  72901
                (479) 783-5125
                Email: Aaron.Jennen@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of August, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following and I hereby certify that I have mailed the document by the United States Postal Service to the following non CM/ECF participants:

> David Hurl Lemmon #14236-010
> FTC Oklahoma City
> P.O. Box 898801
> Oklahoma City, OK 73189

*/s/ Aaron Jennen*
Aaron Jennen
Assistant U.S. Attorney