IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                                                      PLAINTIFF

VS.                              Case No. 2:16-cr-20008-PKH-MEF-1

DAVID HURL LEMMON                                                                                             DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Defendant's Motion to Strike filed January 24, 2023. (ECF No. 279).[1] The motion was referred to the undersigned on February 17, 2023. The Government filed a Response on February 23, 2023. (ECF No. 281). Defendant filed a Rebuttal and Addendum to his Motion to Strike on March 17, 2023. (ECF No. 282). The motion is ripe for decision.

### I.    Background

Defendant, David Hurl Lemmon ("Lemmon"), has been represented by seven attorneys over the course of this case. None of them have met with his satisfaction. Following guilty verdicts returned by the jury, Lemmon, through his girlfriend, accused his trial counsel of not properly defending him, prompting trial counsel to seek withdrawal. (ECF No. 135). A hearing was held on January 26, 2017, the Court permitting trial counsel to withdraw, and appointing new counsel to represent Lemmon at sentencing. (ECF Nos. 138, 140).

After sentencing on June 21, 2017, and entry of the Court's Judgment on June 22, 2017, sentencing Lemmon to 420 months imprisonment on Count One of the Superseding Indictment, and to 180 months imprisonment on Count Two of the Superseding Indictment, to run concurrently, Lemmon filed notice of appeal. (ECF No. 184). A motion to withdraw by

---

[1] On February 17, 2023, the Court of Appeals for the Eighth Circuit entered an Order staying the Defendant's appeal from this Court's Order (ECF No. 268) dismissing with prejudice Defendant's Motion to Vacate pursuant to 28 U.S.C. § 2255 and remanding the case to this Court for the limited purpose of considering whether Defendant should be granted any relief from the Court's judgment based on Defendant's allegations of fraud on the court.

1

Lemmon's sentencing counsel was initially denied by the Court of Appeals. (ECF No. 191). Subsequently, Lemmon's motion for appointment of new counsel was considered and granted by the Eighth Circuit, and new counsel was appointed to represent Lemmon on direct appeal. (ECF No. 194). Lemmon's convictions and sentences were affirmed on appeal. (ECF No. 202-2).

He then hired counsel to represent him in post-conviction proceedings brought pursuant to 28 U.S.C. § 2255. (ECF Nos. 207, 208). When it became clear that retained post-conviction counsel had miscalculated, and missed, the filing deadline for Lemmon's motion to vacate, said counsel sought, and received, permission to withdraw. (ECF Nos. 227, 230). An Assistant Federal Public Defender was then appointed to represent Lemmon in the post-conviction relief proceedings. (ECF No. 230). With an evidentiary hearing scheduled for February 26, 2021, the AFPD sought permission to withdraw on February 17, 2021, stating that "a complete breakdown in communication" between counsel and Lemmon had occurred over the course of representation, that Lemmon did not believe the AFPD was acting in his best interests, and that, as further grounds for withdrawal, Lemmon insisted on taking action counsel considered "repugnant or with which the lawyer had a fundamental disagreement and that the representation has been rendered unreasonably difficult by the client." (ECF No. 243). Following a hearing, the AFPD was permitted to withdraw and a CJA Panel attorney was appointed to represent Lemmon. (ECF Nos. 247-249). The evidentiary hearing scheduled for February 26, 2021, was canceled, and reset for September 16, 2021, to allow new counsel adequate time to prepare. (ECF Nos. 248, 250). A further continuance requested by Lemmon's appointed counsel moved the evidentiary hearing to December 8, 2021. (ECF Nos. 253, 254).

An evidentiary hearing on Lemmon's motion to vacate under 28 U.S.C. § 2255 was held on December 8, 2021. (ECF No. 259). Lemmon's former trial counsel, sentencing counsel, and

appellate counsel testified at the hearing. (ECF No. 259-1). Lemmon also presented testimony from a former girlfriend, and he testified on his own behalf. (*Id*.).

On May 11, 2022, the undersigned submitted his Magistrate Judge's Report and Recommendation, in which it was recommended that Lemmon's motion to vacate under 28 U.S.C. § 2255 be dismissed with prejudice. (ECF No. 260). Any objections to the Report and Recommendation were due by May 31, 2022, subsequently extended to June 14, 2022. (ECF Nos. 262, 263).

Five days before Lemmon's objections were due, Lemmon's appointed counsel moved to withdraw. (ECF No. 264). In her motion to withdraw, she advised the Court that "a complete breakdown in communication" with Lemmon had occurred over the course of her representation; that he did not believe counsel was acting in his best interests; that Lemmon insisted on taking action that counsel considered repugnant or with which she had a fundamental disagreement; and that representation had been rendered unreasonably difficult by Lemmon. (*Id*. at 2). Counsel further stated that Lemmon rejected her legal advice and refused to communicate with her. (*Id*.). She requested that Lemmon be given an extension of time to file, pro se, his objections to the Magistrate Judge's Report and Recommendation. (*Id*. at 3-4). On June 13, 2022, the Court entered an Opinion and Order granting counsel's motion to withdraw, finding that Lemmon was unwilling to communicate with his appointed counsel, and through his persistent and unreasonable demands that counsel be terminated and new counsel appointed to represent him, that Lemmon had knowingly and voluntarily waived the right to counsel. (ECF No. 265). No new counsel was appointed to represent Lemmon, and he was permitted to proceed pro se, with the Court reminding Lemmon that he was bound by the same statutes, rules, orders, and schedules as an attorney. (*Id*. at 3). The Court extended the deadline for filing Lemmon's pro se objections to the Magistrate

Judge's Report and Recommendation to June 27, 2022.  (*Id*.).

That brings the Court to the documents Lemmon now wants to strike.

On July 1, 2022, a document titled Petitioner's Written Objections to the Magistrate's Report and Recommendation was filed.  (ECF No. 267).  Eight objections were stated, including an argument that Lemmon had asserted a viable basis for equitable tolling of the limitations period, and other objections reiterated his claims of ineffective assistance of counsel.  (*Id*.).  The document appears to be signed by Lemmon, including a certificate under penalty of perjury that it was placed in the prison legal mail system with sufficient first-class postage affixed on June 27, 2022.  (*Id*. at 7, 8).  The envelope the document was mailed in shows Lemmon's return address at a BOP facility in Oklahoma City, Oklahoma 73189, but the post-mark shows a mailing zip code of 30339.  (*Id*. at 9).

On July 6, 2022, the Court entered its Order adopting the Magistrate Judge's Report and Recommendation in its entirety and dismissing with prejudice Lemmon's motion to vacate.  (ECF No. 268).  The Court found the objections to be untimely, but it nevertheless conducted a de novo review of those portions of the Report and Recommendation which had been objected to, finding that they offered neither law nor fact requiring departure from the findings contained in the Report and Recommendation.  (*Id*.).  Judgment was entered on July 6, 2022.  (ECF No. 269).

A Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) was filed on August 22, 2022.  (ECF No. 270).  This pleading argued that Lemmon's objections to the Magistrate Judge's Report and Recommendation were timely under the "prison mailbox rule" because "the postmark on the envelope clearly shows that the envelope was given over to prison authorities on June 27, 2022, and not July 1, 2022."  (*Id*. at 3).  The pleading is ostensibly signed by Lemmon on August 2, 2022, including a certificate under penalty of perjury that it was placed

4

in the prison legal mail system on that date. (*Id*. at 4). The envelope this pleading was mailed in contains no postmark whatsoever. (*Id*. at 2). The motion was denied by the Court on September 14, 2022. (ECF No. 274).

A Notice of Appeal was filed on November 1, 2022. (ECF No. 275). The Notice of Appeal is also ostensibly signed by Lemmon, including a certificate under penalty of perjury that it was placed in the prison legal mail system on October 4, 2022. (*Id*. at 2). The envelope containing the Notice of Appeal shows Lemmon's return address at a BOP facility in Pine Knot, Kentucky 42635, but the post-mark shows that it was mailed in "Atlanta Metro 301." (*Id*. at 3).

The pending Motion to Strike was then filed on January 24, 2023. (ECF No. 279). Lemmon contends that the Objections to the Magistrate Judge's Report and Recommendation (ECF No. 267) and the Motion to Alter or Amend Judgment (ECF No. 270) should be stricken because, he alleges, "I have never seen these filings until they were sent to me by this Court," and "I did not sign them, mail them, or draft them." (*Id*. at 1). He further alleges that he hired Universal Post-Conviction Center in Atlanta, Georgia to aid him in his post-conviction matters, but he restates that he "did not sign, or mail, or authorize the execution of those actions." (*Id*.). He adds that he has contacted another organization, Voiceless Behind Bars, for assistance in filing a complaint to the Georgia State Bar and ethics board against Universal Post-Conviction Center, and he advised that "I have also written to the 8th Circuit Court of Appeals." (*Id*.).

As previously noted, on February 17, 2023, the Court of Appeals for the Eighth Circuit entered an Order staying Lemmon's appeal from the dismissal with prejudice of his Motion to Vacate pursuant to 28 U.S.C. § 2255, and the case was remanded to this Court for the limited purpose of considering whether Lemmon should be granted any relief from the Court's Judgment based on Lemmon's allegations of fraud on the court.

## II.     Discussion

What Lemmon's motion to strike implicitly seeks to achieve, beyond merely the striking of the "unauthorized" pleadings, is to vacate this Court's Order dismissing with prejudice his § 2255 motion so that he can submit his own "authorized" objections to the Magistrate Judge's Report and Recommendation on the § 2255 motion. While he does not use the phrase "fraud on the court," his allegations are construed as stating a claim for "fraud on the court" to support setting aside the Court's Order and Judgment dismissing with prejudice his § 2255 motion. For the reasons discussed below, it is recommended that Lemmon's Motion to Strike (ECF No. 279) be DENIED.

Federal courts have the inherent power to vacate their own judgments upon proof that a fraud has been perpetrated upon the court. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44 (1991) (quoting *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 245-46 (1944), in recognizing the "historic power of equity to set aside fraudulently begotten judgments" to maintain the integrity of the courts and safeguard the public); *U.S. v. Smiley*, 553 F.3d 1137, 1142 (8th Cir. 2009). Fed. R. Civ. P. 60(d)(3) provides: "This rule does not limit a court's power to … set aside a judgment for fraud on the court."

The power to vacate judgments procured by fraud must be exercised with restraint and discretion, *Chambers*, 501 U.S. at 44, and with consideration of the long-established general rule that prohibits the alteration or setting aside of judgments after the expiration of the term when such judgments were finally entered, *Hazel-Atlas Glass*, 322 U.S. at 244. It must be shown by clear and convincing evidence that there was fraud on the court with all doubts being resolved in favor of the finality of a judgment. *Smiley*, 553 F.3d at 1144.

"Fraud on the court which justifies vacating a judgment is narrowly defined as 'fraud which

is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury.'" *Smiley*, 553 F.3d at 1144 (internal citations omitted). A finding of fraud on the court under the *Hazel-Atlas Glass* standard "is justified only by the most egregious misconduct directed to the court itself, such as bribery of a judge or jury or fabrication of evidence by counsel …." *Smiley*, 553 F.3d at 1145 (citing *Greiner v. City of Champlin*, 152 F.3d 787, 789 (8th Cir. 1998)); *Williams v. Dormire*, 2010 WL 3733862, at *2 (E.D. Mo. Sept. 20, 2010 (citing *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978)).

"This rigorous standard requires proof of 'intent to deceive or defraud the court' through a 'deliberate scheme.'" *Johnson v. U.S.*, 2011 WL 940841, at *2 (E.D. Mo. Mar. 16, 2011) (internal citations omitted). "Intent to defraud is an absolute prerequisite to a finding of fraud on the court," and the movant must "show an unconscionable plan or scheme which is designed to improperly influence the court in its decision." *Id*. (internal citations omitted). The movant must also establish that the fraudulent conduct was material to the court's judgment; in other words, was the fraudulent conduct "likely to have made a difference to the outcome of the matter if it had been known." *In re NWFX, Inc.*, 384 B.R. 214, 220 (2008) (internal citations omitted). Moreover, relief for fraud on the court is "unavailable to a party whose situation is due to his own fault, neglect, or carelessness." *Id*. Where a complainant's own negligence or oversight, however innocent, contributed to the original judgment, an independent action for relief is not proper unless the evidence which would establish injustice is "practically conclusive." *Id*.

Here, for several reasons, Lemmon's allegations fall far short of the demanding standards to obtain relief for fraud on the court. First, his allegations that he did not draft, sign, or mail the subject pleadings, but instead, that an organization he "hired" to assist him in his post-conviction proceedings had done so without his authorization, do not involve the type of egregious

7

misconduct directed to the machinery of the court itself.  *See, e.g., In re Martin*, 268 B.R. 168, 171 (2001) (allegedly false statement regarding settlement agreement insufficient to constitute fraud on the court); *Superior Seafoods, Inc. v. Tyson Foods, Inc.*, 620 F.3d 873 (2010) (deceptive and evasive communications leading to the entry of a consent judgment did not amount to fraud on the court); *Smiley*, 553 F.3d at 1145 (defendant's failure to report her interest in property and outstanding judgments against her to the Probation Office did not constitute fraud on the court sufficient to vacate her sentence).

Second, Lemmon does not allege a deliberate scheme or unconscionable plan designed to improperly influence the Court's decision, but merely that an organization he hired to assist him with his post-conviction proceedings signed and mailed pleadings to the Court without first having them reviewed, approved, and signed by Lemmon.  Thus, at worst, his allegations involve two pleadings containing false signatures and statements made under penalty of perjury that they were placed in the prison legal mail system.[2]  Fraud between the parties (or as here, between a party and his own consultant), nor fraudulent documents, nor false statements or perjury constitute fraud on the court which would justify vacating a judgment.  *Smiley*, 553 F.3d at 1144-45.

Third, the asserted misconduct was not material to the Court's decision and judgment. Whether Lemmon drafted, signed, and mailed the two subject pleadings, or whether a post-conviction consultant had done so without Lemmon's express authorization, is immaterial to the issues the Court had to decide in his case.  The challenged Objections to the Magistrate Judge's Report and Recommendation (ECF No. 267) reiterated contentions made by Lemmon throughout

---

[2] A third pleading fits the same pattern as the two subject pleadings.  Lemmon's Notice of Appeal (ECF No. 275) also purports to bear his signature and contains a certification under penalty of perjury that it was placed in the prison legal mail system, but the post-mark shows that it was not mailed from the prison location in Kentucky but from "Atlanta Metro 301" where Lemmon's post-conviction consultant is located.  Lemmon, however, has not sought to strike this pleading.

the course of these proceedings. And while the Court initially considered the objections to be untimely, it nonetheless conducted a de novo review of the case before rendering its decision. (ECF No. 268). Notably, Lemmon has not identified any other issues or objections that he would have argued to the Court if his post-conviction relief consultant had given him the opportunity to review and direct preparation of his objections. His Motion to Alter or Amend Judgment (ECF No. 270) touched only on the issue of the timeliness of his objections. The Court's Order (ECF No. 274) denying that motion stated that any error in considering the objections as untimely was harmless because the Court nevertheless conducted the de novo review that is triggered by timely objections under 28 U.S.C. § 636(b)(1). Thus, Lemmon has not shown that the alleged misconduct "was likely to have made a difference to the outcome of the matter if it had been known." *In re NWFX, Inc.*, 384 B.R. at 220.

Finally, the alleged fraud on the court was not directed specifically at the operation (or machinery) of justice itself by an opposing party seeking to gain an advantage over his opponent. Lemmon's allegations make plain that the Government had no part in the alleged fraud on the court, nor was any officer of the court involved in the alleged fraud. Rather, his situation is due to his own fault in hiring a non-attorney post-conviction consultant[3] who subsequently failed to involve him to the degree he wanted and who improperly signed and mailed pleadings on his behalf. As noted above, the submission of fraudulent documents, false statements, or perjury do not rise to the level of the "most egregious conduct" necessary to support a claim of fraud on the court, *Smiley*, 553 F.3d at 1144, and relief for fraud on the court is "unavailable to a party whose situation is due to his own fault, neglect, or carelessness," *In re NWFX, Inc.*, 384 B.R. at 220.

---

[3] The public source website for Universal Post Conviction, LLC states: "We are not a law firm. We are post-conviction consultants, research teams, investigators, paralegals, and legal assistants." http://www.universalpostconviction.com (last accessed on March 22, 2023).

### III. CONCLUSION

For the reasons and upon the authorities discussed above, it is recommended that Lemmon's Motion to Strike (ECF No. 279) for fraud on the Court be **DENIED**.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 24th day of March 2023.

/s/ *Mark E. Ford*
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE