UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                      PLAINTIFF

v.                              No. 2:16-CR-20008-001

DAVID HURL LEMMON                                            DEFENDANT

## ORDER

The Court has received a report and recommendation from Chief United States Magistrate Judge Mark E. Ford. (Doc. 283). Defendant David Lemmon filed objections and a motion under Federal Rule of Civil Procedure 60(b) in response (Doc. 289). Magistrate Judge Ford recommended the Court deny Mr. Lemmon's motion (Doc. 279) to strike certain documents from the docket. Magistrate Judge Ford recommended denying the motion because Mr. Lemmon's "allegations fall far short of the demanding standards to obtain relief for fraud on the court. (Doc. 283, p. 7). The Court has conducted a de novo review of those portions of the report and recommendation to which Plaintiff has objected. 28 U.S.C. § 636(b)(1)(C). Plaintiff's objections offer neither law nor fact requiring departure from the Magistrate Judge's findings, which otherwise contain no clear error. The report and recommendation is ADOPTED IN ITS ENTIRETY.

Along with his objections, Mr. Lemmon filed a motion under Federal Rule of Civil Procedure 60(b) to reopen his § 2255 case. (Doc. 289, p. 2–). Magistrate Judge Ford's report and recommendation analyzed Mr. Lemmon's claims using the standard for fraud on the court under a court's inherent powers. *See, e.g.*, *United States v. Smiley*, 553 F.3d 1137, 1144–45 (8th Cir. 2009). That standard "is higher and distinct from the more general standard for fraud under Federal

Rules of Civil Procedure 60(b)(3)." *Id.* Therefore, the Court will conduct its own analysis of Mr. Lemmon's Rule 60(b) motion.

"To prevail on [a] Rule 60(b)(3) claim, [the moving party] must show by clear and convincing evidence that [the opposing party] engaged in fraud or other misconduct and that this conduct prevented [the moving party] from fully and fairly presenting its case." *Wagstaff & Cartmell, LLP v. Lewis*, 40 F.4th 830, 842 (8th Cir. 2022) (alterations in original) (citation omitted). As more thoroughly explained in the report and recommendation, Mr. Lemmon alleged a third party committed fraud on the court. Mr. Lemmon has not alleged any fraud committed by the opposing party, which in this action is the United States. Therefore, Mr. Lemmon's Rule 60(b)(3) motion will also be denied.

IT IS THEREFORE ORDERED that the report and recommendation is ADOPTED IN ITS ENTIRETY and Mr. Lemmon's motion to strike (Doc. 279) is DENIED.

IT IS FURTHER ORDERED that Mr. Lemmon's Rule 60(b) motion included in his objections (Doc. 289) is DENIED.

IT IS FURTHER ORDERED that in accordance with the remand order,[1] the Clerk of Court shall certify this Order and forward the original file to the United States Court of Appeals for the Eighth Circuit.

IT IS SO ORDERED this 9th day of August, 2023.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE

---

[1] The Eighth Circuit entered a limited remand order "for the limited purpose of considering whether David Lemmon should be granted any relief from the district court's judgment based on his allegations of fraud on the court." (Doc. 280, p. 1).